UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Glenn Michael Moccia, | ) | C/A No. 8:24-cv-7147-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lt. Kevin Durham, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the above-named Defendant. Plaintiff is a detainee at the Pickens County Detention Center and brings this action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. Having reviewed the Complaint in accordance with applicable law, the undersigned finds that this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. By Order dated December 13, 2024, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. §§ 1915 and 1915A, the Complaint was subject to summary dismissal for the reasons identified by the Court. ECF No. 9. The Court noted, however, that Plaintiff might be able to cure the deficiencies of his Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id.* at 7. Plaintiff was warned as follows:

>     If Plaintiff fails to file an amended complaint that corrects those
>     deficiencies identified [in the Court's Order], this action will be
>     recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915
>     and 1915A without further leave to amend.

*Id*. at 8 (emphasis omitted).  Plaintiff has not filed an Amended Complaint, and the time to do so has lapsed.[1]

**Factual Allegations**

Plaintiff makes the following allegations in his Complaint.  ECF No. 1.  Plaintiff brings this action to assert a claim for a lack of access to legal materials, including state and federal laws, case law, and books.  *Id.* at 4.  Plaintiff contends that Defendant Lt. Durham "put forth the rule that no books be allowed and that the Detention Center would not provide access to a law library either material or digital."  *Id.*  Plaintiff contends that his "injury is [an] inability to access legal information for redress of grievances according to the law, effectually causing loss of time credit in accordance with the First Step Act."  *Id.* at 6.  For his relief, Plaintiff requests that the facility be required to afford access to the law, a law library, case law–either material or through digital means such as the Securus Kiosk."  *Id.*

Plaintiff makes the following additional allegations in an attachment to his Complaint.  ECF No. 1-1.  Plaintiff contends he arrived at the Pickens County Detention Center on October 5, 2023, "nearly one month after [he] was sentenced in federal court."  *Id.* at 1.  Plaintiff tried to use the electronic kiosk, which had an icon for the law library.  *Id.*  However, it did not work and showed an error for the electronic server.  *Id.*  Plaintiff asked several detention officers about it, but he received no assistance.  *Id.*  Plaintiff wrote a grievance on October 27, 2023, and the reply by Sgt. Madruga was "We do not have a law library."  *Id.*  Plaintiff wrote again on November 6,

---

[1] Plaintiff's amended complaint was due on January 3, 2025.  ECF No. 9.

2023, and December 26, 2023, and Lt. Smith replied, "This facility does not currently have access to or subscribe to a law library." *Id.* Plaintiff wrote again on December 30, 2023, and Sgt. Madruga replied, "We will look into it," and, "You have access to legal representation." *Id.* Plaintiff then spoke with Lt. Smith, who told Plaintiff that pretrial detainees are not required to have access to legal materials. *Id.* Plaintiff explained to Lt. Smith that he was a federally sentenced inmate, but Lt. Smith replied that he could not do anything about it. *Id.*

Plaintiff contends that he attempted to address this issue through the grievance process for over a year, but he received the same replies from Officer Jessica Whitlock and Lt. Smith. *Id.* Plaintiff requested a copy of the state constitution and bill of rights, but his request was denied and he was told to contact the public defender or an attorney on November 13, 2024. *Id.* Plaintiff asked who made the decision to allow or deny access to a law library or legal materials on November 6, 2024, but Lt. Smith replied, "unknown." *Id.* at 1–2. Plaintiff asked multiple officers who was in charge of the facility and who made decisions and was told that Lt. Kevin Durham was the acting captain and was in charge of the facility. *Id.* at 2. Plaintiff contends that attempts to reach Lt. Kevin Durham have been ignored. *Id.* Plaintiff contends he made a final attempt at a grievance on November 22, 2024, as follows:

> I am requesting to speak with Lt. Kevin Durham regarding access to the law library. I have exhausted all other inquiries with the staff to address this issue. I am a pre-trial detainee on a state grand jury indictment and a federally sentenced inmate. I hope to find a solution to this matter within the facility.

*Id.* Plaintiff received the following response from Lt. Smith on November 25, 2024:

> We are not legally required by any law, state or federal, to provide a law library for any pre-trial inmate. You are provided access to legal material (if needed) by the state via appointed legal counsel, and per local charges, you are a pre-trial detainee at this facility.

3

> You are not getting federal time while incarcerated here, therefore not legally entitled to a law library.

*Id.* Plaintiff contends that the federal judge ruled that his federal sentence was to run concurrent to any state time from relevant conduct. *Id.* Plaintiff contends that his present incarceration "time is counted." *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999),

construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

**The Action is Subject to Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. As noted, Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated December 13, 2024. ECF No. 9. However, Plaintiff has not filed an amended complaint or any response to the Court's Order, and he has failed to correct the pleading deficiencies of his original Complaint. Plaintiff has failed to prosecute this case and has failed to comply with the Order of this Court. As Plaintiff has already ignored this

Court's Order and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**The Complaint is Subject to Dismissal**

Even if this action were not subject to dismissal under Rule 41, the Complaint is subject to dismissal. The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff claims he has been denied access to legal materials. The law in this District is well-settled as to claims by pre-trial detainees asserting a lack of access to legal materials:

> [P]retrial detainees, temporarily held in a county facility while awaiting trial, do not have a constitutional right to a law library, as the Constitution guarantees a right to reasonable access to the courts, not to legal research or a law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Additionally, a claim for denial of access to the courts must be pled with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Further, in order to state a constitutional claim for denial of access to the courts, a prisoner must show actual injury. *Id.*; *see Lewis*, 518 U.S. at 349. The actual injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. *Lewis*, 518 U.S. at 352–53.

*Gilbert v. Grant*, C/A No. 6:24-cv-03912-JDA-KFM, 2024 WL 4933360, at *3 (D.S.C. Oct. 30, 2024), *R&R adopted by* 2024 WL 4931193 (D.S.C. Dec. 2, 2024); *see also Orr v. Dir., Alvin S. Glenn Det. Ctr.*, C/A No. 4:24-cv-1463-DCC-TER, 2024 WL 2923952, at *1 (D.S.C. Apr. 18, 2024) ("Plaintiff is held as a detainee in a local detention center; the Fourth Circuit Court of Appeals has held that local jails, designed for temporary detainment, are generally not required to have a law library." (citing *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)), *R&R adopted by* 2024 WL 2892262 (D.S.C. June 10, 2024). "[T]he law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library." *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 447–48 (D.S.C. 2008); *Kasyjanski v. Squirewell*, C/A No. 0:24-cv-2276-JFA-SVH, 2024 WL 4700441, at *3 (D.S.C. Aug. 6, 2024) ("The Constitution guarantees an inmate a right to reasonable access to the courts, but not specifically to a law library." (citing *Lewis*, 518 U.S. at 351 and *Bounds v. Smith*, 430 U.S. 817, 838 (1977)), *R&R adopted by* 2024 WL 4553223 (D.S.C. Oct. 23, 2024).

Plaintiff has not alleged an actual injury to support a claim for relief. Plaintiff asserts, as to his injury, "[an] inability to access legal information for redress of grievances according to the law, effectually causing loss of time credit in accordance with the First Step Act." *Id.* at 6. Plaintiff does not explain how his inability to access a law library is causing him to lose time credit under the First Step Act. To demonstrate an injury for a denial of access to the courts, Plaintiff must allege facts showing "a specific injury resulting from the alleged denial to state a constitutional claim." *Jackson v. Spartanburg Cnty. Det. Ctr.*, C/A No. 5:23-cv-476-JD-KDW, 2024 WL 3655392, at *3 (D.S.C. May 30, 2024), *R&R adopted by* 2024 WL 3653851 (D.S.C. Aug. 5, 2024). The "actual injury" requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353; *see also Michau v.*

7

*Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006); *Jackson v. Wiley*, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004) (explaining that actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded"). Because Plaintiff has not alleged facts showing any actual injury and/or prejudice that he is likely to suffer as a result of any alleged claim that he has been denied access to legal materials, his claim is without merit. *Martinez v. Spartanburg Cnty. Det. Ctr.*, C/A No. 9:23-cv-01989-TMC-MHC, 2023 WL 6850242, at *5 (D.S.C. Sept. 12, 2023), *R&R adopted by* 2023 WL 6846807 (D.S.C. Oct. 17, 2023).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend[2] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

January 21, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] **Error! Main Document Only.** As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).