IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glenn Michael Moccia,              )<br>                                                )<br>                         Plaintiff,       )<br>                                                )<br>v.                                             )<br>                                                )<br>Lt. Kevin Durham,                    )<br>                                                )<br>                         Defendant.   )<br>_____ ) | Civil Action No. 8:24-cv-7147-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Glenn Michael Moccia's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On December 13, 2024, the Magistrate Judge issued an order upon screening in accordance with 28 U.S.C. §§ 1915 and 1915A, informing Plaintiff that his complaint was subject to dismissal. (ECF No. 9.) The Magistrate Judge explained that Plaintiff may be able to cure the deficiencies in his complaint and granting him 21 days to file an amended complaint. Despite the Magistrate Judge's warning, Plaintiff did not file an amended complaint.

When Plaintiff failed to file an amended complaint as directed, the Magistrate Judge issued a report and recommendation ("Report") on January 21, 2025, outlining the issues and recommending that the Court summarily dismiss Plaintiff's claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and for failure to allege an actual injury to support a plausible claim. (ECF No. 13 at 5-8.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within

fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13), and the Court dismisses Plaintiff's claims) pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend and without issuance and service of process**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 13, 2025
Charleston, South Carolina